IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABUDEKE HAMBOLU, LYNN GAVIN, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FCOF PM EQ, LLC, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 15-02780 JSW<br><br>**ORDER (1) UNSEALING CASE; (2) DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; (3) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND (4) DISMISSING COMPLAINT** |

　　　　Now before the Court is the application for a temporary restraining order ("TRO") and application to proceed *in forma pauperis* filed by plaintiff Lynn Gavin ("Plaintiff"), who is proceeding pro se. This action was provisionally filed under seal. In the Order provisionally granting the motion to file the complaint and accompanying documents under seal, the court noted that the vast majority of the content of the documents could not be placed under seal and that it was possible that none of the content could be placed under seal. As a public forum, the Court may only entertain requests to seal that establish good cause and are narrowly tailored to seal only the particular information that is genuinely privileged or protectable as a trade secret or otherwise has a compelling need for confidentiality. *See* Northern District Civil L.R. 79-5(b) & cmt. Upon further review of the complaint and accompanying documents, the Court finds that none of the content is sealable. Accordingly, the documents in this case shall be publicly filed.

Having carefully reviewed Plaintiff's papers and considered her arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Plaintiff's application for a TRO, DENIES her application to proceed *in forma pauperis* and DISMISSES the action with leave to amend.

A district court may deny in forma pauperis status and sua sponte dismiss an action under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff has failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief the pleader seeks." Although Plaintiff's allegations are difficult to follow, Plaintiff appears to be challenging her eviction in 2011 or 2012 and the failure to provide reasonable accommodations before her eviction. To the extent Plaintiff can allege facts sufficient to state a claim under federal law, it appears as though any such claims might be time-barred.

Plaintiff also appears to be contesting an unlawful detainer action that was filed against her in state court, and may also be challenging the state court's handling of an action filed by her. Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *See, e.g., Branson v. Nott*, 62 F.3d

1 287, 291 (9th Cir. 1995). "The purpose of the doctrine is to protect state judgments from
2 collateral federal attack. Because district courts lack power to hear direct appeals from state
3 court decisions, they must decline jurisdiction whenever they are 'in essence called upon to
4 review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026,
5 1030 (9th Cir. 2001) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16). Where "the
6 district court must hold that the state court was wrong in order to find in favor of the plaintiff,
7 the issues presented are inextricably intertwined." *Id*. (citations omitted). In such a case, the
8 district court must not exercise jurisdiction to review the ruling of a state court.

9 To the extent Plaintiff is seeking to have this Court review judgments from state court
10 proceedings, this Court is barred under the *Rooker-Feldman* doctrine from exercising appellate
11 review over state court decisions. *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482.
12 Accordingly, this Court must DISMISS Plaintiff's claims for lack of subject matter jurisdiction.
13 Fed. R. Civ. P. 12(b)(1), (h)(3) (a motion to dismiss for lack of subject matter jurisdiction may
14 be raised by the parties "or otherwise" at any time); *Steel Co. v. Citizens for a Better Env't.*, 523
15 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter
16 jurisdiction, its only remaining function is to declare that fact and dismiss the action).

17 Accordingly, Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED
18 and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue
19 this action, she must file an amended complaint setting forth a cognizable legal claim and some
20 factual basis to support a claim with federal jurisdiction by **July 24, 2015.** Plaintiff may file a
21 renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to
22 file timely an amended complaint shall result in dismissal of this action without prejudice.

23 The Court FURTHER ORDERS that Plaintiff's application for a TRO is DENIED. In
24 order to obtain a temporary restraining order or preliminary injunctive relief, Plaintiff "must
25 establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm
26 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
27 injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7,
28 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because

injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).  Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).  On an ex parte motion for a TRO, the moving plaintiff must allege "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. Proc. 65(b)(1)(A).

Following *Winter*, courts in the Ninth Circuit may apply a sliding scale test when there is a lesser showing of likelihood of success that amount to "serious questions on the merits" and the balance of hardships tips strongly in the plaintiff's favor, as long as the plaintiff satisfies the other two prongs under *Winter* by showing that there is a likelihood of irreparable injury and that the injunction is in the public interest.  *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  Because the Court finds that Plaintiff fails to allege a valid claim over which this Court has jurisdiction, the Court DENIES the application for a TRO.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.  The Court also advises Plaintiff that he also may wish to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the San Francisco Courthouse, Room 2796, or on the 4tth Floor of the Oakland Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: June 25, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE