UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAMIDELE HAMBOLU, et al.,

    Plaintiffs,

    v.

PCOF PM EQ, LLC, et al.,

    Defendants.

___

LYNN GAVIN,

    Plaintiff,

    v.

SAN FRANCISCO HOUSING AUTHORITY, et al.,

    Defendants,

Case Nos. 15-cv-02780-RS, 15-cv-04097-RS

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING CASES WITH PREJUDICE**

Between 2012 and 2014, *pro se* plaintiffs Lynn Gavin and Bamidele Hambolu filed seven distinct but functionally identical civil actions in the Northern District of California.[1] *Hambolu v. Parkmerced Investors Properties LLC*, No. 12-cv-3824-PJH; *Gavin v. Murphy et al.*, No. 12-cv-5864-RS; *Gavin v. Arntz et al.*, No. 13-cv-0056-PJH; *Hambolu v. San Francisco Housing Authority et al.*, No. 14-cv-3020-JSC; *Gavin v. FCOF PM EQ LLC et al.*, No. 14-cv-4582-RS; *Gavin v. Board of Supervisors Office et al.*, No. 14-cv-4583-RS, *Hambolu et al. v. San Francisco*

---

[1] According to plaintiffs' allegations in *Hambolu v. San Francisco Housing Authority*, No. 14-cv-4975-RS, Hambolu is Gavin's son. Some cases have been brought by both Gavin and Hambolu, others by either Gavin or Hambolu. Each complaint has included a common—and, in many places, identical—body of allegations.

*Housing Authority et al.*, No. 14-cv-4975-RS. Each of the cases was predicated upon allegations that, in 2012, plaintiffs were wrongfully evicted from the Parkmerced apartments in San Francisco. Courts in this district have repeatedly dismissed plaintiffs' actions, with generous leave to amend and, ultimately, with prejudice. On multiple occasions, plaintiffs have declined to observe court-imposed deadlines and have generally failed to prosecute their cases. The eighth and ninth iterations of the case—restated in slightly different form, against defendants new and old—are now before this court. Plaintiffs seek leave to proceed *in forma pauperis* ("IFP").[2]

Where a party seeks leave to proceed IFP, the court has a continuing duty, under 28 U.S.C. § 1915(e)(2)(B), to dismiss a case "at any time" if it determines that the action fails to state a claim on which relief may be granted. The two complaints at issue here fail to state a claim upon which relief may be granted and, in light of plaintiffs' history in this district, border on frivolity. The following analysis, excerpted from a November 17, 2014 order of this court addressing three of plaintiffs' related complaints, applies equally here:

> Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555.
>
> Each of the three complaints fails to satisfy these requirements. They are not "short and plain" statements, but are instead filled with unnecessary and improper argument and citations. Inclusion of extraneous materials not only violates the spirit and letter of the rules, it also renders it nearly impossible to determine whether any allegations of fact buried within the rhetoric might support a viable claim against at least some defendants. In addition, while it is difficult to discern the precise nature of all of the claims plaintiffs may intend to assert, it is clear that many of their theories are simply not viable (and may even be precluded). See *Gavin v. Arntz*, No. C-13-0056-PJH, 2013 WL 4672763, at *6 (N.D. Cal. Aug. 30, 2013) (dismissing state law claims advanced by same plaintiff against government entities and officials for failure to plead requisite compliance with presentation requirements of Cal. Gov. Code §§ 945.4 and 950.2). Under these circumstances, dismissal of the three complaints is appropriate.

---

[2] Gavin has already been granted IFP status in the *Hambolu* matter, No. 15-cv-02780-RS. The issue has not yet been determined in the *Gavin* matter, No. 15-cv-04097-RS.

> Notably, plaintiffs have previously attempted, in actions dismissed with prejudice by this court, to assert many of these same claims against the same defendants. While plaintiffs were provided with ample opportunity to state cognizable claims in these prior actions, the cases were ultimately dismissed with prejudice. *See Gavin v. Park Merced Investors Properties LLC, et al.*, No. C-12-05864-RS (N.D. Cal. April 29, 2013) (after providing plaintiff opportunity to amend complaint, dismissing claims with prejudice because "plaintiff has failed to amend her pleadings in such a way as to show she is entitled to legal relief"); *Gavin v. Arntz*, et al., No. C-13-0056-PJH, 2013 WL 4672763, at *5 (N.D. Cal. Aug. 30, 2013) (dismissing claims with prejudice because plaintiff "failed to take advantage of multiple opportunities" to "substantiate her claims in such a way as to show that she is entitled to relief"). Moreover, plaintiffs demonstrated little interest in prosecuting these prior actions beyond filing the initial complaints. *See Arntz*, 2013 WL 4672763 (noting plaintiff's continued failure to participate in proceedings despite notice of potential dismissal for failure to prosecute); *Hambolu v. San Francisco Housing Authority, et al.*, No. 14-cv-03020-JSC (N.D. Cal. Sept. 11, 2014) (dismissing action for failure to prosecute).

*Gavin et al. v. FCOF PM EQ LLC et al.*, No. 14-cv-4582-RS (N.D. Cal. Nov. 17, 2014). Like the highly-similar complaints dismissed on past occasions by courts in this district, plaintiffs' present pleadings fail to state any viable claim. They must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

While *pro se* litigants are typically given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Plaintiffs' lengthy and checkered history in this district, characterized by serial filings and a repeated failure to prosecute, demonstrates that leave to amend would be futile in these cases. (In late 2014, they were given leave to amend in three related cases but declined to take advantage of that opportunity. They have also been frequently encouraged to seek assistance from the Northern District's Pro Se Help Desk; there is no indication that they have done so.) Accordingly, these related cases are dismissed with prejudice. The Clerk shall close the files.[3]

---

[3] For the reasons stated in the June 25, 2015 order denying plaintiffs' motion for a temporary restraining order in the *Hambolu* matter (see 15-cv-2780-RS at Dkt. No. 7) their motion for a temporary restraining order in the *Gavin* matter is likewise denied. *See* 15-cv-4097-RS at Dkt. No. 3.

ORDER DENYING MOTION FOR TRO & DISMISSING ACTIONS WITH PREJUDICE
CASE NO. 15-cv-02780-RS
3

**IT IS SO ORDERED**.

Dated:  September 16, 2015

_____
RICHARD SEEBORG
United States District Judge